**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NATHAN B. MARTIN,**      ) | |
|      ) | |
| **Plaintiff,**      ) | |
|      ) | |
| **vs.**      ) | **No.  CIV-09-171-HE** |
|      ) | |
| **MCDONALD'S, et al.,**      ) | |
|      ) | |
| **Defendants.**      ) | |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, appearing pro se, brings this suit under 42 U.S.C. § 1983 purporting to allege violations of his constitutional rights.  Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing.

Plaintiff names the following Defendants in his four-count complaint: "McDonald's Restaurant"; Latosha Fuston, identified as a McDonald's employee "acting as a robbery victim for the McDonald's Restaurant"; the Oklahoma City Police Department; Drew Dyer, James Allen, C. Seale, H. Dilbeck, Benjamin Nikkel, Jeffrey Davis, and Mike Cory – identified as Oklahoma City police officers; and a John Doe Defendant identified as "tech fingerprint Okla. County Sheriff."

In Count I of the complaint, Plaintiff alleges that "Defendant false allegation has caused the Plaintiff to be seized with an unlawful arrest and forced into bondage without probable cause...."  Complaint, p. 3.  As supporting facts, he alleges that "Latosha Fuston's

test[i]mony ... is so confus[]ing it would [not] enable a person of common understanding to know what was intended in her test[i]mony..." Id.

In Count II, he alleges that "Defendant swears to the signing of the probable cause affidavit and uses his associates at the Okla. Police Dept. as witnesses to cause the Plaintiff to be unlawfully seized and forced into bondage." Id. In support, he alleges that he "was already incarcerated on an unrelated charge," that "Defendants never examined the facts or had any physical evidence to present at the preliminary hearing," and that "Officer Drew Dyer instead swore to the validity of the statement given by Sandra Bowens as being true and reasonable without any investigation or substantiation knowing she was arrested on 11 felony counts against her." Id.

In Count III, he alleges he "has been charge[d] by information alleging commission of a felony by the Defendants," and in support, that he "was detained and charged for case # CF-07-3864 and case # CF-07-4271, without a warrant and without probable cause, the seizure and warrantless arrest were otherwise illegal and unconstitutional and in violation of Plaintiff['s] rights under the status [sic] and Constitution of the United States of America and the State of Oklahoma." Id. at p. 4.

In Count IV, he alleges that "the lack of evidence presented before the examining judge at the preliminary hearing on 11-28-07 case # CF-07-3864 was and should have been considered insufficient to justify holding the Plaintiff for trial on 1-7-08." Id. at p.1 Att. He claims that count two in that case was dismissed when "Sandra Bowens refused to show up as State main witness for a 'third' time." Id. He also alleges that Latosha Fuston's testimony

2

was confusing and contradictory, that the assigned state trial judge "reduced charges on count # 1," that the state's prosecutor admitted to having no evidence and only two witnesses (for Case # CF-07-3864) and "one of them is a known crack smoker." <u>Id.</u> at Att. p. 1-2.  He further alleges that the same police officers are listed as witnesses "for count #1 and count #2, these 3 crime[s] are almost 3-week apart," and that Plaintiff was already incarcerated on an unrelated charge at the time of the robbery. <u>Id.</u> at Att. p. 2. Plaintiff also refers to "documents filed on 11-13-08" in another case pending in this Court: <u>Martin v. Whetsel</u>, Case No. CIV-08-1223-HE (W.D. Okla. Nov. 13, 2008).

## I.  SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review Plaintiff's complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  In order for a plaintiff "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." <u>See</u> <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir.2007).

In reviewing the sufficiency of the complaint, the Court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. A pro se plaintiff's complaint must be broadly construed under this standard.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the "broad reading" of pro se complaints

dictated by <u>Haines</u> "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see also</u> <u>Tarabishi v. McAlester Reg'l Hosp.</u>, 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage").

For the reasons discussed below, the undersigned finds that Plaintiff's complaint is so deficient that it fails to state a claim under § 1983.

## II. DISCUSSION

The purpose of a complaint is to give the opposing parties fair notice of the basis for the claims against them so that they may respond, and to allow the Court to conclude whether the allegations, if proven, would entitle the plaintiff to relief. <u>See</u> <u>Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas</u>, 891 F.2d 1473, 1480 (10th Cir.1989). Rule 8 of the Federal Rules of Civil Procedure is designed to ensure that a plaintiff meets these requirements. <u>See</u> <u>TV Communications Network, Inc. v. ESPN, Inc.</u>, 767

4

F.Supp. 1062, 1069-70 (D.Colo.1991), aff'd, 964 F.2d 1022 (10th Cir.1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought..." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The primary defect in Plaintiff's complaint is vagueness; he does not state what each Defendant did to him, when each Defendant did what he or she did, and how each act violated a specific constitutional right.  As a result of this deficiency, the undersigned finds that Plaintiff has failed to state a claim against any of the Defendants named in this §1983 action.

For example, in the "Nature of the Case" section, Plaintiff refers to the "Defendants" acting on "tainted evidence given to them by Sandra Bowens" (Bowens is not named as a Defendant herein), but he does not identify the Defendants to whom he is referring or explain how they "acted" on the evidence in question.  Complaint, p. 2.  In fact, Plaintiff makes specific allegations against only two Defendants.

First, Plaintiff alleges that Defendant Latosha Fuston gave confusing testimony, and that she was acting under color of state law "as a robbery victim for the McDonald's Restaurant," allegations that are both factually and legally insufficient.  Complaint, p. 1, 3.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." "[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'"

E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1305 (10th Cir. 2001) (citations omitted). Moreover, a "private citizen who testifies in a trial is not acting under color of state law and his false testimony does not give rise to a cause of action under the civil rights statute." Anderson v. Glismann, 577 F.Supp. 1506, 1510 (D.Colo.1984) (citing Taylor v. Nichols, 558 F.2d 561, 564 (10th Cir.1977)).

Second, he alleges that Defendant Drew Dyer signed a probable cause affidavit in reliance on the statement of Bowens – who allegedly had multiple felony convictions – without any "investigation or substantiation." Id. at 3. However, Plaintiff does not allege Defendant Dyer's knowledge or intent in signing the affidavit, or even which of Plaintiff's constitutional rights were violated thereby. This information is critical both to the Court's evaluation of Plaintiff's claim and Defendant Dyer's defense of it. For example, an allegation of malice is required to state a claim for the common law tort of malicious prosecution. See Novitsky v. City Of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007).

There are no substantive allegations against the remaining Defendants, who appear to be named simply because they were listed as witnesses on the information filed in Plaintiff's two criminal cases. There are absolutely no allegations against the Oklahoma City Police Department, which in any event is not usually a legal entity subject to suit. See, e.g.,

Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). If he is attempting to state a claim against McDonald's Restaurant, he has made no allegation that this entity acted under color of state law.[1]

A decision to dismiss a pleading without prejudice pursuant to Rule 8 is within the Court's sound discretion. See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir.1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir.1969). See also Jenkins v. Colorado Dept. of Social Services, No. 98-1469, 1999 WL 542572 at *1 (10th Cir. July 27, 1999) ("We review the district court's dismissal of a complaint under Rule 8(a) for abuse of discretion.").[2]   In this case, the undersigned finds that Plaintiff's complaint makes it practically impossible for either the Defendants or the Court to identify, interpret, and evaluate his specific claims. Therefore, the action should be dismissed for failure to comply with the pleading requirements of Fed.R.Civ.P. 8.

Accordingly, it is recommended that the complaint be dismissed without prejudice for failure to comply with the pleading requirements of Fed.R.Civ.P. 8. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (stating that dismissal without prejudice should result when a pro se litigant's pleading defects are potentially curable).  It is further recommended

---

[1]It appears that Plaintiff may not have even intended to name "McDonald's Restaurant" as a Defendant, but only to identify it as Fuston's employer.  Furthermore, an allegation that its employment of the victim of the armed robbery is action under color of state law is clearly frivolous.

[2]This unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

that Plaintiff be directed to file a first amended complaint that clearly states each of the constitutional rights he believes has been violated; the persons, places, and dates involved; and most importantly, exactly what *each Defendant* did to violate his rights. The first amended complaint should also allege facts supporting Plaintiff's claim that each of the Defendants were acting under color of state law. Finally, the first amended complaint should stand alone and be complete in and of itself.[3]  If this recommendation is adopted, and Plaintiff is directed to file a first amended complaint, Plaintiff is cautioned that his failure to do so could result in dismissal of his action without prejudice for failure to prosecute the case.

## **RECOMMENDATION**

In light of the forgoing, it is recommended that the complaint be dismissed without prejudice for failure to satisfy the pleading requirements of Fed.R.Civ.P. 8.  It is further recommended that Plaintiff be given 20 days from the date of any order adopting this recommendation to file a first amended complaint which corrects the deficiencies noted herein. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 20, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of

---

[3]Rather than alleging some supporting facts, Plaintiff has generally referred the Court to state court transcripts and documents filed in other litigation pending in this District.  Even if these documents were readily accessible to either the Court or the Defendants, incorporating them by reference is both confusing and cumbersome.  See Complaint, Att. p. 2 [Doc. No. 1, p. 7].

both factual and legal questions contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter unless and until an amended complaint is filed or the matter is otherwise re-referred.

**ENTERED this 31st day of March, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE